IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STEPHEN MCCARTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.4:15-CV- |
| v. ) | Jury Demanded |
| ) | |
| CITY OF SOUTHSIDE PLACE, ) | Exempt from Filing Fees |
| ) | Under 38 U.S.C. § 4323(h)(1) |
| Defendant. ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Comes now **STEPHEN MCCARTY** ("LT McCarty" or "Plaintiff"), Plaintiff herein who, through counsel, files this Complaint against **CITY OF SOUTHSIDE PLACE** ("Southside" or "Defendant"), Defendant herein, and would respectfully show unto the Court as follows:

1. This is an action brought pursuant to the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301-4335.

### I. PARTIES

2. Plaintiff LT McCarty is a citizen of Texas and resides in Sugarland, Fort Bend County, Texas.

3. Defendant Southside is a Type "A" general law city located in the Greater Houston area with a population of approximately 1,800 residents.

### II. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 38 U.S.C. § 4323(b)(1)-(3) and 28 U.S.C. § 1331.

5.  Venue is proper in this district under 38 U.S.C. §§ 4323(c)(2), 4323(c)(1)-(2) and 28 U.S.C. § 1391(b) because Defendant maintains a place of business in this judicial district.

### III. FACTS

6.  Plaintiff incorporates paragraphs 1 through 5 as set forth verbatim herein.

7.  LT McCarty is a member of the United States Navy Reserve ("Naval Reserve") and has been at all times relevant hereto. He has had a distinguished Naval career for over 6 years, with deployments to the Middle East in support of Operation Noble Eagle[1] and Enduring Freedom[2]. LT McCarty is well thought of by his military command and was recently awarded an Army Commendation Medal for saving a fellow soldier's life. LT McCarty is currently assigned to the United States Special Operations Command as an Intelligence Officer.

8.  LT McCarty was hired by Southside as the City's Chief of Police in December, 2012. He was also an Executive Board member of the Houston-FBI Joint Terrorism Task Force.

9.  Prior to LT McCarty's employment with Southside, he was a Supervisor with a Texas State Police agency.

10. As a member of the Naval Reserve, LT McCarty was required to attend military drill, conduct annual training, and deploy overseas.

---

[1] Operation Noble Eagle is the official name of the U.S. military operations related to Homeland Security in support of federal, state and local agencies.
[2] Operation Enduring Freedom is the official name of the U.S. military operations in Afghanistan.

11. Because LT McCarty's military commitments affected his ability to be on call 24 hours of each day, David Moss, Southside's City Manager ("Mr. Moss") became disenchanted and voiced concern about LT McCarty's commitments to the military.

12. As time progressed, Mr. Moss became ever more demanding of LT McCarty's time and unlawfully required LT McCarty to perform work for Southside while LT McCarty was performing military service.

13. Requiring a service member to perform work for his civilian employer is a violation of USERRA.

14. Due to the constraints placed on him by Defendant, LT McCarty was forced to approach his Naval Reserve command and ask for a reassignment to the Houston area so that he would be, according to Mr. Moss, "available" if Mr. Moss needed him.

15. On August 6, 2014, LT McCarty informed Southside that he was called to active duty and would be deploying overseas in support of Operations Noble Eagle and Enduring Freedom effective September 5, 2014. He also informed Southside on August 6, 2014 that his last day of work would be August 20, 2014, which was 15 days prior to his deployment, to get his affairs in order before his year-long deployment.

16. 30-day notice of deployment was a reasonable amount of time to give Southside based upon the circumstances.

17. Prior to LT McCarty's deployment, and during the time he was getting his affairs in order, Southside had an investigator follow LT McCarty and his family who conducted video surveillance of them prior to his deployment.

18. LT McCarty was terminated on September 4, 2014 - one day prior to his military deployment. He subsequently received an amended letter of termination on September 5, 2014 on the date he started his Title 10 Orders.

19. The stated reasons for LT McCarty's termination were:

   a. Insubordination;

   b. Dishonesty; and

   c. Conduct unbecoming of an official in your position.

20. Defendant's stated reasons for terminating LT McCarty were merely a pretext for discrimination.

21. Prior to LT McCarty being terminated, he had never been disciplined or subject to any performance improvement plan while employed by Southside.

22. Termination of employment is an adverse employment action.

23. Any adverse employment action in close proximity in time to a service member leaving to perform military service is evidence of discrimination under USERRA.

24. Defendant charged LT McCarty with insubordination, dishonesty, and conduct unbecoming an official in your position. These charges were a pretext to cover-up Southside's unlawful termination.

25. LT McCarty filed a complaint with the Department of Labor Veteran's Training Service ("DOL-VETS") on October 29, 2014.

26. After the DOL-VETS investigated the matter, it found that LT McCarty's complaint had merit and that it appeared that Southside had violated USERRA by discriminating against LT McCarty in violation of § 4311 of USERRA.

27. Even in light of the DOL-VETS' finding, Southside refused to withdraw its wrongful termination. Southside's unlawful termination of LT McCarty, and its failure to correct its actions after being advised by the DOL-VETS were willful or in reckless disregard for the law.

28. At all times relevant hereto, Southside maintained a posted notice where employers customarily place notices for employees as required by 38 U.S.C. § 4334.

29. At all times relevant hereto, Southside had a duty to conduct itself in compliance with the law, including USERRA and ensure its agents followed the Act. The above-described actions by Southside and its agents breached those duties and are the proximate cause of LT McCarty's damages.

30. After LT McCarty's wrongful termination, Southside failed to provide LT McCarty with a notice pursuant to the Consolidated Omnibus Budget Reconciliation Act of 1986 ("COBRA").

31. Under COBRA employers have 30 days to notify the plan administrator of a qualifying event and administrators have 14 days to mail the

notice to participant. An employer who also is the plan administrator can take up to 44 days to generate the notice to the participant.

32. Termination is a qualifying event under COBRA.

33. LT McCarty was terminated on September 4, 2014. Therefore, Southside (or its plan administrator) had until October 18, 2014 to notify LT McCarty of his COBRA rights and it failed to do so.

34. Employers who violate COBRA notice requirements are subject to civil actions and tax penalties. Employers can be fined up to $110 a day for *each* employee, spouse, and dependent to whom they fail to provide required COBRA notices.

35. Southside's failure to follow USERRA were willful, deliberate and in reckless disregard for the law.

## IV. CAUSES OF ACTION

### Uniformed Service Employment and Reemployment Rights Act, 38 U.S.C. § 4301 *et seq.*

36. Plaintiff re-alleges paragraphs 1 through 35 above and incorporates them as if fully set forth herein.

### COUNT I
### 38 U.S.C. § 4311
### (Discrimination & Retaliation)

37. Defendant and its employees and agents acting under the authority delegated to them by Defendant violated LT McCarty's rights as guaranteed by USERRA, 38 U.S.C. §§ 4301-4335, including but not limited to the antidiscrimination provisions of 38 U.S.C. § 4311.

38. During all times mentioned herein, Defendant engaged in illegal and willful conduct to the injury and humiliation of LT McCarty which deprived him of the rights, privileges, and immunities secured to him under the laws of the United States by virtue of his honorable service to the United States in the uniformed service.

39. Defendant violated 38 U.S.C. § 4311 of USERRA, among other ways, by discriminating against LT McCarty (a) when Defendant terminated him partly because of his membership, service, or obligation to perform service in the uniformed service; and, (b) when Defendant retaliated against LT McCarty after he took action to enforce protections afforded to him under USERRA.

40. Defendant's actions complained of herein were willful because Defendant either knew or showed reckless disregard for whether its conduct was prohibited under the provisions of USERRA as defined by 38 U.S.C. § 4323(d), 20 C.F.R. § 1002.312(c).

41. To the extent that Defendant's alleged application of any contract, agreement, collective bargaining agreement, policy or practice of Defendant constitutes any limitation on LT McCarty's rights under USERRA it is illegal, null and void, inapplicable and of no force or effect pursuant to 38 U.S.C. § 4302.

42. LT McCarty's military service was a motivating factor in the adverse employment actions taken against him by Southside in violation of 38 U.S.C. § 4311, for which he has lost pay and benefits.

## COUNT II

## 29 U.S.C. §§ 1161-1169
### (Failure to Provide COBRA Notice)

43. The Consolidated Omnibus Reconciliation Act, 29 U.S.C. §§ 1161–1169, ("COBRA"), requires, *inter alia,* that an employer provide an employee with notice of his right to continue health coverage upon termination of his employment.

44. Courts may award a statutory $110.00 per day penalty for each day that the employer violates COBRA by, *inter alia,* failing to give the required notices.

45. Defendant violated COBRA by failing to provide Plaintiff with notice of his right to continue health coverages upon termination of his employment.

46. As such, Plaintiff has been damaged in an amount to be proven at trial.

### V. PRAYER FOR RELIEF

47. Plaintiff re-alleges paragraphs 1 through 46 above and incorporates them as if fully set forth herein.

48. Under USERRA, a court may order equitable remedies, including reinstatement and recoupment of any loss of wages or benefits. 38 U.S.C. § 4323(d)(1)(A),(B).

49. USERRA also empowers a court to use "its full equity powers,

including temporary or permanent injunctions, temporary restraining orders, and contempt orders, to vindicate fully the rights or benefits" of a service member. 38 U.S.C. § 4323(e).

50. Based on the violations pled herein, Plaintiff respectfully prays that the Court find and make a declaratory judgment that:

   (a) Defendant's failure to reemploy Plaintiff into the same position he held prior to performing military service or a position of like seniority, status and pay, partly because of his military service, was unlawful and violated 38 U.S.C. § 4311(a);

   (b) Defendant's failure to reemploy Plaintiff into the same position he held prior to performing military service, or a position of like seniority, status and pay, partly because Plaintiff took action to enforce protections afforded to him under USERRA is a retaliatory action that violated 38 U.S.C. § 4311(b);

   (c) Defendant's denial of Plaintiff of the right to make contributions to a retirement plan, and failure to give timely and adequate notice to the plan administrator as required under USERRA was unlawful and violated 38 U.S.C. § 4318;

   (d) Defendant's violations of USERRA were willful pursuant to 38 U.S.C. § 4323(d)(1)(C); and

   (e) Defendant's violation of COBRA by failing to provide Plaintiff with notice of his right to continue health coverages upon termination of his employment was unlawful.

51. In addition, Plaintiff respectfully prays that the Court:

   (a) Order Defendant to fully comply with USERRA;

   (b) Order Defendant to refrain from discriminating against Plaintiff;

   (c) Order Defendant to refrain from retaliating against Plaintiff;

(d)     Order Defendant to reinstate Plaintiff into a position at the level of seniority, status and pay that he would have enjoyed had Defendant not discriminated against him;

(e)     Order Defendant pay Plaintiff all lost wages incurred, value of lost bonuses, lost value of stock options, and value of benefits lost, including lost retirement contributions as a result of Defendant's violations of USERRA;

(f)     Order Defendant pay Plaintiff front pay as a result of Defendant's violations of USERRA;

(g)     Order Defendant pay Plaintiff liquidated damages for its willful violations of USERRA pursuant to 38 U.S.C. 4323(d)(1)(C);

(h)     Order Defendant pay Plaintiff's attorneys' fees and costs;

(i)     Order Defendant pay pre-judgment and post-judgment interest on the amount of lost wages and benefits found due;

(j)     Order Defendant to pay full statutory damages under COBRA, and

(k)     Order any such other legal and/or equitable relief to which Plaintiff may be justly entitled.

Dated: May 6, 2015

                       Respectfully submitted,

                       **LAW OFFICE OF JOE NAPILTONIA**

                       By:     /s/ *Joseph A. Napiltonia*
                                 Joseph A. Napiltonia (*Pro Hac Vice*)
                                 219 Third Avenue North
                                 Franklin, Tennessee 37064
                                 Telephone: (615) 336-6882
                                 Facsimile: (615) 534-4141
                                 email: joenapiltonia@gmail.com

**LAPIN & LANDA, L.L.P.**

By: _/s/ Robert E. Lapin_
    Robert E. Lapin
    Federal Bar Card No. 6249
    State Bar Card No. 11945050
    500 Jefferson St., Suite 2000
    Houston, Texas 77002-7371
    Telephone: 713-756-3232
    Facsimile: 713-654-8704
    e-mail: blapin@lapinlanda.com

**ATTORNEYS FOR PLAINTIFF**